# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:05-CV-504-W

| | |
|---|---|
| IN RE: ) | |
| J.A. JONES, INC., et al., ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| CARROLL SERVICES, LLC, as ) | |
| Liquidation Trustee, and DEUTSCHE ) | |
| BANK AG, for itself and as agent, ) | |
| ) | |
| Plaintiffs, ) | ORDER |
| ) | |
| vs. ) | |
| ) | |
| ABSHER CONSTRUCTION COMPANY ) | |
| and ABSHER COURTHOUSE, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Withdraw Reference pursuant to 28 U.S.C. § 157(d) (Doc. No. 1). Defendants' motion requests that reference to the bankruptcy court be withdrawn so that the above-captioned case may proceed before the United States District Court for the Western District of North Carolina. In this adversary proceeding, Plaintiffs seek to recover from the Defendants monetary damages arising in connection with an allegedly fraudulent transfer and to obtain an accounting. In response, Defendants assert their Constitutional right to a jury trial, yet refuse to consent to proceed with such trial before the bankruptcy court.

The Court finds good cause to withdraw the claims seeking monetary or other legal relief in light of Plaintiff's refusal to proceed with trial before the bankruptcy court. According to 28 U.S.C.

§ 157(e), "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." Furthermore, the Court finds that good cause exists to withdraw the pendent state law accounting claim, even though Defendants may not be entitled to a jury trial on that issue, since all the claims present similar legal issues and duplicative efforts can be avoided through unified adjudication.

However, in light of the bankruptcy court's familiarity with the underlying bankruptcy proceedings and the demands of this Court's general civil and criminal docket, the Court does not find that judicial economy will be promoted by immediate withdrawal of this proceeding from the bankruptcy court. Accordingly, the Court exercises its discretion to leave all pretrial matters for disposition by the bankruptcy court. In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993). Upon resolution of all pretrial matters, the above-captioned case shall be withdrawn to the United States District Court for the Western District of North Carolina for trial.

It is now, therefore, ORDERED that Defendants' Motion to Withdraw the Reference (Doc. No. 1) is GRANTED. It is further ORDERED that all pretrial matters shall remain before the bankruptcy judge until the above-captioned case is ready for trial.

IT IS SO ORDERED.

Signed: November 6, 2006

Frank D. Whitney
United States District Judge